THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Robert Cannon Appellant.
 
 
 

Appeal From Kershaw County
 G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2011-UP-267
Heard May 3, 2011  Filed June 8, 2011

AFFIRMED

 
 
 
 Melissa J. Armstrong, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John McIntosh, Assistant Deputy Attorney General Donald Zelenka, Assistant Attorney
 General Melody Brown, Solicitor Daniel Johnson, of Columbia, for Respondent.
 
 
 

PER CURIAM: Robert Cannon appeals his convictions for armed robbery and murder arguing that the trial court erred in: (1) denying his motion to
suppress a statement he made to law enforcement regarding his involvement with the homicide, (2) denying his motion to delay the trial or exclude witness
testimony due to the disclosure of discovery after the start of trial, and (3) admitting photographs of the crime scene and of the victim taken during the
autopsy.  During oral argument, Cannon conceded that he failed to preserve the third issue for appellate review.  As to the remaining issues, we
affirm pursuant to Rule 220(b)(1), SCACR, and the following authority: 
As to whether the trial court erred in denying Cannon's motion to suppress his statement to law enforcement: State v. Simmons, 384 S.C. 145, 164, 682
S.E.2d 19, 29 (Ct. App. 2009) (holding a solicitor's comment that if a defendant cooperated, "it would be considered at sentencing" was not a promise
of leniency); State v. Arrowood, 375 S.C. 359, 368, 652 S.E.2d 438, 443 (Ct. App. 2007) (holding an offer by police officers to speak on a defendant's
behalf to inform the court that the defendant cooperated during an investigation was not a promise of leniency); Simmons, 384 S.C. at 165-66, 682 S.E.2d
at 30 (holding that the trial court did not abuse its discretion in giving greater weight to the police's testimony as to the voluntariness of the defendant's
statement when the defendant's testimony was in direct conflict). 
As to whether the trial court erred in denying his motion to delay the trial: State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003)
(holding that issues not raised and ruled upon at trial will not be considered on appeal).  As to whether the trial court erred in denying Cannon's motion
to exclude witness testimony: State v. Pagan, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the
discretion of the trial court and will not be reversed absent an abuse of discretion.").
AFFIRMED.
FEW, C.J., PIEPER, and LOCKEMY, JJ., concur.